FILED
SUPERIOR COURT
OF GUAM

2018 MAR 19 PM 4: 51

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE )
)  Probate Case No. PR0110-14
)
OF )
)  **DECISION AND ORDER ON**
)  **MOTION TO RECONSIDER**
)
LAGRIMAS C. CRUZ, )
)
Deceased. )
)
)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 12, 2018 for the limited purpose of determining Fred Jerry Cruz ("Petitioner Fred") and Peter Raymond Cruz's ("Petitioner Peter") (collectively, "Petitioners") Motion to Reconsider, Revise, and/or Amend Decision and Order Filed April 4, 2017 ("Motion to Reconsider"). Attorney Delia Lujan Wolff represents Petitioners and Attorney Joaquin C. Arriola represents Bertha Cruz Gordon ("Ms. Gordon" or "Administratrix"), who is the Administratrix for the Estate of Lagrimas C. Cruz ("the Estate"). Based on a review of the pleadings, applicable statutes, and case law, the Court GRANTS the Motion to Reconsider.

## BACKGROUND

On August 29, 2014, Ms. Gordon filed the underlying Petition for Probate of Holographic Will and Letters of Administration ("Petition for Probate") seeking to admit to

**ORIGINAL**

probate the Last Will and Testament of Lagrimas C. Cruz ("Decedent") who died on May 19, 2014. (Pet. for Probate, Ex. A (Certificate of Death); Ex. B (Last Will and Testament), Aug. 29, 2014.) The Petition for Probate identified Ms. Gordon, the Administratrix, as the daughter of the Decedent, and Petitioners as the sons of the Decedent, along with numerous other heirs. (Id. at 3.) The Court subsequently admitted the will to probate and appointed Ms. Gordon as the Administratrix for the Estate. (See Letters of Testamentary and Oath of Administratrix, Feb. 4, 2015; Order for Probate of Holographic Will and Appointing Administratrix, Feb. 4, 2015.)

On August 6, 2015, Ms. Gordon filed a First and Final Account, Report of Administratrix, and Petition for Final Distribution. In the Petition for Final Distribution, the Administratrix states that "[u]nder the terms of the Last Will and Testament of [D]ecedent, Bertha C. Gordon, daughter of [D]ecedent is entitled to the whole of the [E]state and to any other property of [D]ecedent not now owned or discovered which may belong to the said Estate of which said Estate may have an interest in." (Pet. for Final Distribution at 3-4, Aug. 6, 2015.)

On May 2, 2016, the Petitioners filed an Opposition to Petition for Final Distribution arguing primarily that, as omitted heirs, they were not provided for in the Petition for Final Distribution pursuant to 15 G.C.A. § 501. (Opp'n to Pet. for Final Distribution at 3:11-18, May 2, 2016.) On this same date, Petitioners filed an Opposition to Motion to Schedule Hearing of Petition. On May 20, 2016, the Administratrix withdrew her Motion to Schedule Hearing on the Petition for Final Distribution. (See Withdrawal of Mot., May 20, 2016.) On June 8, 2016, the Petitioners filed a Response to Administratrix's Non-Opposition to Heirs' Opposition to Petition for Final Distribution. The Administratrix filed her Reply to Response on June 17, 2016.

Based on arguments pertaining to Guam's omitted heirs' statute, 15 G.C.A. § 501, Petitioners filed a Petition for Determination of Heirship and Entitlement to Distribution

("Petition for Determination of Heirship") requesting therein that the Court set a hearing to determine the heirs of the Decedent who are entitled to distribution of the Estate. (See Pet. for Determination of Heirship, July 29, 2016.) In a Decision and Order on the Petition for Determination of Heirship ("Heirship Decision"), which was issued on April 4, 2017, the Court determined: 1) that Petitioners' request for determination of heirship was untimely, and 2) that the requirements of 15 G.C.A. § 3201 were mandatory and not discretionary. (Dec. and Order, Apr. 4, 2017.) Following this decision, Petitioners filed their Motion to Reconsider on May 4, 2017. On this same date, Petitioners informed the Court of their appeal to the Supreme Court of Guam ("Supreme Court") of the Heirship Decision. (Notice of Appeal, May 4, 2017.)

On May 5, 2017, Petitioner Fred filed a declaration stating that he was not served with the Petition for Probate, Petition for Final Distribution, and their related notice of hearings, and therefore was unable to timely file his Petition for Determination of Heirship. (Decl. of Fred Jerry Cruz, May 5, 2017.) During a status hearing on May 8, 2017, the Court informed the parties of the appeal. At a subsequent hearing thereafter, the Court stayed the proceedings. (See Recording Log, Aug. 21, 2017.)

On February 2, 2018, the Supreme Court issued a limited remand to this Court to address the Motion to Reconsider. Following the remand, the Administratrix filed an opposition to the Motion to Reconsider.[1] The Court heard oral arguments on the motion on March 12, 2018 and subsequently took the matter under advisement.[2]

---

[1] Although the Administratrix's opposition was untimely – according to the initial briefing schedule filed by the Petitioners – the Court will consider the filing given the limited remand from the Supreme Court and any confusion by the parties of jurisdiction due to the appeal and the subsequent stay imposed.

[2] During the motion hearing, the Court instructed the Administratrix to submit postal return receipts of the initial documents sent to the Petitioners regarding the filing of the underlying probate matter. Petitioners submitted these documents on March 14, 2018.

# DISCUSSION[3]

Rule 59(e) of the Guam Rules of Civil Procedure states as follows: "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Guam R. Civ. P. 59(e). A motion for reconsideration brought under Rule 59(e) is appropriate when the trial court: "1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." Rong Chang Co., Ltd., Inc. v. M2P, Inc., 2012 Guam 1 ¶ 16 (*quoting* Ward v. Reyes, 1998 Guam 1 ¶ 10); see also DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth., 2014 Guam 12 ¶ 21. Although this rule allows the Court to reconsider and amend a previous order, it is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." Guam Bar Ethics Comm. v. Maquera, 2001 Guam 20 ¶ 9 (*citing* Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). Importantly, a party moving for reconsideration cannot use the motion "to present a new legal theory, raise arguments for the first time, or present evidence for the first time when they could have reasonably been raised earlier." Id. (*citing* Ward, 1998 Guam 1 ¶ 13). Also, motions filed pursuant to 59(e) and 60(b) motions are "essentially equivalent." Rong Chang, 2012 Guam 1 ¶ 18.

Here, Defendant request that the Court reconsider its Heirship Decision under Rule 59(e) "since there was a clear error as to the law or facts or manifest injustice". (Mot. to Reconsider at ¶ 3, May 4, 2017.) Based on the pleadings before the Court demonstrating that service of notice of the underlying probate was not adequate as to Petitioner Fred, the Court believes reconsideration is proper.

---

[3] Although the Petitioners refer to other rules as the basis for their motion, specifically Rule 60(b) and Rule 54(b), the Court construes the Motion to Reconsider under Rule 59(e).

In the Heirship Decision, the Court determined that "the record reveals that Petitioners had adequate notice of the pendency of the current probate action since at least September 2014 when all the heirs, including Petitioners, were first provided with a Notice of Hearing on Petition for Probate Holographic Will and for Letters of Administration." (Dec. and Order at 4, Apr. 4, 2017.) When the Court initially made this determination, it was under the presumption that Petitioner Fred was sufficiently and properly served with notice of this probate action and thereafter failed to timely file his Petition for Determination of Heirship. In his declaration, however, Petitioner Fred explained that he could not have timely filed his petition because the Notice of Hearing on Petition for Probate Holographic Will and for Letters of Administration was sent to the wrong address.[4] (Decl. of Fred Jerry Cruz, May 5, 2017.) The Administratrix does not dispute that Petitioner Fred did not receive adequate notice or that the service of the initial notice was sent to the wrong address. Additionally, the evidence presented by the Administratrix shows that the Notice of Hearing on Petition for Probate Holographic Will and for Letters of Administration was never delivered to Petitioner Fred.[5] (Submission of U.S. Postal Return Receipts, Mar. 14, 2018.) Accordingly, the Court believes that it was error for this Court to presume that Petitioner Fred had adequate notice of the underlying action when the evidence is to the contrary.

In response to the Motion to Reconsider, the Administratrix argues that the lack of adequate notice was not raised earlier by Petitioners. The Court, however, doesn't believe that

---

[4] The Notice of Hearing on Petition for Probate Holographic Will and for Letters of Administration was sent to P.O. Box 323, Tahoa, HI 96778. (Decl. of Fred Jerry Cruz, May 5, 2017.) Petitioner Fred's address is P.O. Box 1323, Pahoa, HI 96778. (Id.)

[5] Other documents regarding this probate may also have been erroneously sent to the wrong address as Petitioner Fred disputes ever receiving the Notice of Rendering Account for Final Settlement and Petition for Distribution, as well as copies of the relevant petitions. (Decl. of Fred Jerry Cruz at ¶¶ 5-6, May 5, 2017.)

Petitioner Fred could have reasonably raised the issue of notice previously as it was the Court's presumption that notice was proper in the Heirship Decision and the arguments surrounding the Petition for Determination of Heirship centered around whether the requirements of 18 G.C.A. § 3201 were mandatory or directory. The Administratrix also argues that Petitioner Fred failed to file the Motion to Reconsider within the requisite timeframe allowed under Rule 59(e), that is ten days after entry of judgment. Guam R. Civ. P. 59(e). The Court notes that judgment was never entered in this matter and that a party can file a motion for reconsideration under Rule 59(e) before formal judgment is entered, which the Court believes is what occurred here. See Sharrock v. McCoy et al., 2016 Guam 7 ¶ 47 (recognizing that the ten day limit required under Rule 59(e) "sets only a maximum period and does not preclude a party from making a Rule 59 motion before formal judgment has been entered") (*quoting* Warren v. Am. Bankers Ins. of Fl., 507 F.3d 1239, 1244 (10th Cir. 2007)).

Given the insufficient service, Petitioner Fred could not have filed his Petition for Determination of Heirship within the timeframe prescribed under section 3201. The Court, therefore, believes that its presumption that Petitioner Fred had adequate notice was in error and that it would be manifestly unjust to deny him a hearing on the petition considering that he did not have sufficient and adequate service of the initial notice, which is a fundamental component of any probate action.

///

///

///

///

///

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Reconsider. The Court will hold a hearing on the merits of the Petition for Determination of Heirship and Entitlement to Distribution pursuant to 15 G.C.A. § 3201 *et seq*. Such a hearing will be scheduled once the matter is remanded back to the jurisdiction of this Court.

**IT IS SO ORDERED** on this 19th day of March, 2018.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

DAVID J. LUJAN
JOAQUIN C. ARRIOLA, Jr.
Date: 3·19·18 Time: 4:55 PM

Deputy Clerk, Superior Court of Guam